UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

DEBRA HERRING                                                                          PLAINTIFF

v.                     Civil No. 14-6015

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                               DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Debra Herring, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") and supplemental security income under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background**

Plaintiff applied for DIB and SSI on August 21, 2007. (Tr. 12.) Plaintiff alleged an onset date of August 19, 2007 due to knee surgery, shoulder surgery, and hysterectomy. (Tr. 144-52.) In a later disability report, Plaintiff additionally alleged chronic pain and fibromyalgia. (Tr. 69.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on May 13, 2009 in front of Administrative Law Judge ("ALJ") Robert Neighbors. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") David Elmore, and Rose Wilhide, Witness for Plaintiff. (Tr. 369.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 44 years old, and possessed a high school diploma, with one year vocational technical college and bank teller training. (Tr. 373.) The Plaintiff had no past relevant work experience ("PRW"). (Tr. 18.)

On September 24, 2009, the ALJ concluded that Plaintiff suffered from the following severe impairments: shoulder pain, back disorder, and osteoarthritis. (Tr. 14.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, "except she can stand up to six hours in an eight hour work day, and can sit for up to six hours in a work day, and cannot perform work requiring overhead reaching." (Tr. 15-16.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform the representative occupation of general office clerk. (Tr. 19.)

Plaintiff requested a review by the Appeals Council on October 7, 2009. (Tr. 8.) The Appeals Council declined review on July 30, 2010. (Tr. 4. ) Plainitff filed an appeal on August 27, 2010. (Civ. No. 10-2127, ECF. No. 1.)

The Honorable James R. Marschewski remanded the case on September 2, 2011. On remand, the ALJ was directed to "more fully develop the record concerning Dr. Walker's diagnosis of a herniated disc, to obtain a RFC from the plaintiff's treating physician and to obtain a mental RFC." (Civ. No. 10-2127, ECF. No. 16.)

In her post-remand Disability Report, Plaintiff further alleged breast cancer, high blood pressure, seizures, and Hepatitis C. (Tr. 470, 485.) A second hearing was held on May 24, 2012 in front of ALJ Kevin Alexander. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from VE Myrtle M. Johnson. (Tr. 762.) At the time of the second administrative hearing, Plaintiff was 47 years old. (Tr. 764.)

On August 8, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments:

> degenerative disc disease of the cervical and lumbar spine; shoulder pain status post left shoulder rotator cuff repair and right shoulder arthroscopy and subacromial decompression distal clavicle excision; left knee pain status post anterior cruciate ligament reconstruction; breast cancer status post lumpectomy of the left breast; major depressive disorder; dementia due to multiple head trauma; panic disorder with agoraphobia; and generalized anxiety disorder.

(Tr. 410-11.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work, except:

> she would be limited to jobs that do not required [sic] climbing of ladders, ropes, or scaffolds, nor exposures to hazards. All remaining postural and handling requirements would be performed no more than frequently. Finally, the claimant will be limited to unskilled work where interpersonal contact was incidental to work performed; complexity of one or two step tasks was learned and performed by rote, few variables and little judgment required; supervision required was simple, direct and concrete; and limited to an SVP of one or two with jobs that can be learned within thirty days.

(Tr. 413.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as delivery driver courier, mail clerk/nonpostal, or office helper. (Tr. 426.)

On December 16, 2013, the Appeals Council declined review. (Tr. 402.) Plaintiff filed this appeal on February 3, 2014. (ECF. No. 1.) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 10, 11.)

**II.    Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.*  As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence

exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.    Discussion**

AO72A
(Rev. 8/82)

Plaintiff raises four issues on appeal: 1) the ALJ erred in finding Plaintiff did not meet Listing 1.02 as a result of two shoulder surgeries (left and right shoulder) and left knee ACL repair; 2) the ALJ erred in failing to assess Plaintiff's cancer under 13.00 including side effects of her chemotherapy treatment; 3) the ALJ erred in failing to assess Plaintiff's panic attacks and other mental impairments, calling them subjective; and 4) the ALJ erred by concluding Plaintiff retained the residual functional capacity to perform the exertional demands of light work. (Pl.'s Br. at 1.) Because the ALJ did not obtain a new Physical RFC as directed in the first remand and did not address the side effects of Plaintiff's Tamoxifen, the other issues will not be addressed.

**A. Failure to Fulfill First Remand Directive**

Section 405(g) expressly grants federal courts the authority of judicial review for final Social Security decisions. Under 405(g) a court may affirm, modify or reverse an Agency decision, with or without remand. When a remand is issued, the Agency is not free to ignore the mandate of the remanding court. Due to the detail and complexity often found in Social Security remands, "[d]eviation from the court's remand order in the subsequent administrative proceedings is itself legal error subject to reversal on further judicial review." *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989); *see also United Gas Improvement Co. v. Continental Oil Co.* 381 U.S. 392, 406 (1965); *F.C.C. v. Pottsville Broadcasting Co.* 309 U.S. 134, 145 (1940) (administrative agency is bound to act upon corrections of law from reviewing court); *Brachtel v. Apfel*, 132 F.3d 417, 419-20 (8th. Cir. 1997)(law of case doctrine applies to both courts and administrative agencies on remand); *United States. v. Bartsch*, 69 F.3d 864 (8th Cir. 1995) (law of case doctrine often used interchangeably with closely related mandate rule for the principle that a lower tribunal must scrupulously follow the mandate of the reviewing court on remand).

In order to correctly fulfill the mandate of a reviewing court, the Eighth Circuit has long held that an inferior court is bound to follow both the letter and the spirit of a remand. These are to be construed in light of the entire appellate opinion. *Thornton v. Carter*, 109 F.2d 316, 320 (8th Cir. 1940); *see also*

*Poletti v. C.I.R.*, 351 F.2d 345, 347-48 (8th Cir. 1965)(tax court was not permitted to deviate from either letter or spirit of court remand).

In the first remand by this Court, the ALJ was directed to fully develop the record concerning Plaintiff's herniated disc, obtain a Physical RFC from a treating physician, and obtain a Mental RFC. There is no evidence in the record that a new Physical RFC was completed post-remand by any physician, treating or otherwise. Further, the most recent pre-remand Physical RFC, which was completed by a nonexamining Agency physician, does not accurately include the full range of Plaintiff's physical impairments. Instead, it lists only breast cancer and hypertension for the diagnosis. (Tr. 639.) *See Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) ("inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand").

On remand, the ALJ is directed to order a new Physical RFC from a treating physician. If Plaintiff does not currently have a regular treating physician who is willing to complete an RFC, then a consultative examination should be ordered and that physician should complete the Physical RFC as part of the examination. This RFC must accurately reflect Plaintiff's physical impairments, and must explicitly address Plaintiff's ability to function in the workplace. It must address each of the key issues for functional limitations, including exertional, postural, manipulative, visual, communicative, environmental and any other applicable limitations.

**B. Failure to Address Side Effects of Tamoxifen**

The ALJ must properly consider the claimant's testimony regarding significant medication side effects. *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). This requires an express examination of the dosage, effectiveness, and side effects of all medication. *Polaski*, 739 F. 2d at 1322. Failure to include medication side effects in the hypothetical to the VE, "at a minimum," requires the case to be remanded. *Mitchell v. Sullivan*, 925 F.2d 247, 250 (8th Cir. 1991). Likewise, ignoring the VE's testimony concerning medication side effects is troubling. *Porch*, 115 F.2d at 572.

In this case, Plaintiff has been prescribed Tamoxifen for her breast cancer. She both testified to and complained to her doctors of side effects from this drug, including fatigue and nausea. (Tr. 652 (Plaintiff was prescribed anti-nausea drug to take prior to taking Tamoxifen); 754, 765. )These symptoms are among the documented side effects of Tamoxifen. http://www.pdr.net/drug-summary/ tamoxifen-citrate?druglabelid=664. (accessed Jan. 7, 2015.) She also takes additional medication, including Flexeril,[2] Lisinopril,[3] Klonopin,[4] and Norco.[5] At the hearing, VE testified that when medication side effects (among other variables) were added to the hypothetical, competitive work would be precluded. (Tr. 783.) Unfortunately, while the ALJ noted Plaintiff's testimony regarding medication side effects in discussing the record, he failed to perform the proper examination of those side effects.

On remand, the ALJ is directed to complete an express examination of the dosage, effectiveness, and side effects of all medication taken by the Plaintiff.

This information, combined with the information from the new Physical RFC, must then be used to determine the Overall RFC and presented to a VE. In doing so, the ALJ is urged to emphasize Plaintiff's impairments clearly to the VE. This Court is troubled by the prior VE recommendation that

---

[2]Flexeril is a skeletal muscle relaxant indicated for treatment of muscle spasm associated with acute, painful musculoskeletal conditions. Side effects include drowsiness, dry mouth, fatigue, headache, and dizziness. Patients should be advised that the drug, especially when used with alcohol or other CNS depressants, may impair mental and/or physical abilities required to perform hazardous tasks such as driving or operating machinery. http://www.pdr.net/drug-summary/cyclobenzaprine-hydrochloride?druglabelid=3089&id=1153. (last visited Jan. 7, 2015.)

[3]Lisinopril is an ACE inhibitor indicated for treatment of hypertension. Side effects include hypotension, dizziness, headache, diarrhea, cough, chest pain, and hyperkalemia.http://www.pdr.net/ drug-summary/prinivil?druglabelid=376&id=1090. (last visited Jan. 7, 2015.)

[4]Klonopin is a benzodiazepine indicated for treatment of seizures and panic disorders. Side effects include CNS depression, ataxia, drowsiness, abnormal coordination, depression, somnolence, behavior problems, dizziness, upper respiratory tract infection, memory disturbance, dysmenorrhea, fatigue, influenza, nervousness, sinusitis. Patients should be cautioned about operating hazardous machinery, including automobiles.  http://www.pdr.net/drug-summary/klonopin?druglabelid=3064. (last visited Jan. 7, 2015.)

[5]Norco is an opioid analgesic indicated for relief of moderate to moderately severe pain. Side effects include acute liver failure, lightheadedness, dizziness, sedation, nausea and vomiting. Patients should be advised to use caution in performing potentially hazardous task, such as driving and operating machinery. http://www.pdr.net/drug-summary/norco-5-325?druglabelid=2132&id=2790. (last visited Jan. 7, 2015.)

an individual who takes narcotic pain medication daily and whose severe impairments include "dementia due to multiple head trauma" would be considered an advisable candidate for the position of delivery driver courier.

IV.   **Conclusion**

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 12th day of January 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE